UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  03-22628-CIV-MARTINEZ-BROWN

VINCENT FAUSTINO RIVERA,

    Plaintiff,

vs.

THE UNITED STATES TREASURER, *et al*,

    Defendants.
_____/

### ORDER DENYING MOTIONS TO REOPEN THE JUDGMENT AND MOTION TO REINSTATE THE CASE

This cause came before the Court upon the Plaintiff's Motions to Reopen the Judgment **(D.E. Nos. 23 and 24)**, filed on February 22, 2008 and Motion to Reopen Case **(D.E. No. 25)**, filed on May 27, 2008.  The Court notes at the outset that this case is closed and has been since September 30, 2004 (D.E. No. 4) when the Court denied the Plaintiff's motion to proceed in *forma pauperis*.  From that time through June 17, 2005, the Plaintiff filed a series of motions for reconsideration and motions to reopen the judgment.  (D.E. Nos. 6, 10, 15).  In each instance, the Court has denied those motions because the Plaintiff did not present any evidence of fraud or misconduct by an adverse party that would warrant reconsideration of the judgment.  (D.E. Nos. 11, 12, 14, 17).  The instant motions are no different.

The Plaintiff asks to reopen his case pursuant to Federal Rule of Civil Procedure 60(b)(3), which provides grounds for relief based upon fraud or misrepresentation or misconduct of an opposing party, and Rule 60(b)(6), which provides for relief based upon any other ground that justifies relief.  The Plaintiff notes that his case was dismissed pursuant to the Prison Litigation

Reform Act of 1995, Pub. L. No. 104-134 ("PLRA"), which, among other things, amended the requirements for filing in *forma pauperis* under section 1915(g) of title 28, United States Code.[1] The Plaintiff argues that the PLRA prevents prisoners with legitimate constitutional claims against prison officials from creating a record of the officials' illegal activities and thus, constitutes a denial of due process (D.E. Nos. 23-25).  He also argues that the PLRA seeks to immunize public corporations that contract with prisons from liability for anti-competitive practices and thus, violates the Commerce Act.  (D.E. No. 23 at ¶¶1, D.E. No. 25 at ¶¶1-2). Now, he asks the Court to reopen his case, asserting that the President's newest economic stimulus package and the subprime mortgage crisis provide "new evidence" which warrant relief from the judgment entered on September 30, 2004.  (*Id*.)

While Federal Rule of Civil Procedure 60(b)(3) permits the Court to relieve a party from a final judgment, order or processing for fraud, misrepresentation or other conduct of an adverse party, subsection 60(c)(1) of this Rule provides that motions for relief on account of fraud must be filed no more than a year after entry of final judgment.  Similarly, while Federal Rule of Civil Procedure 60(b)(6) allows a Court to reconsider a judgment or order for any other reason that justifies relief, subsection 60(c) provides that such motions must be filed within a reasonable period.  Thus, the Plaintiff's motions for relief pursuant to Rule 60(b)(3) and (6) are time-barred as the Court entered final judgment 4 years ago.

Additionally, the Court notes that the Plaintiff has a history of filing frivolous claims that challenge the PLRA as he has done in this case.  *See Rivera v. Griffiths*, D.E. No. 03-23054-CIV-

---

[1] The amendment to this section of the United States Code bars prisoners from bringing civil actions or appealing judgments in civil actions if they have on 3 or more prior occasions filed claims that were dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted.  29 U.S.C. § 1915(c), unless the prisoner is in imminent danger of serious physical injury.

MARTINEZ, and *Rivera v. Florida Dep't of Health, et al.*, D.E. No. 05-21204-CIV-MARTINEZ.  The record shows that he has barraged this Court with frivolous claims and repeatedly attempted to abuse the in *forma pauperis* statute.  As a result, the Court must take other action to ensure that the Plaintiff does not continue to divert judicial resources for frivolous filings.  *See Sassower v. Fidelity & Deposit Co.,* 49 F. 3d 1482, 1483 (11th Cir. 1995) (directing Clerk of the Court to refuse any further filings from appellant who had repeatedly filed frivolous petitions for certiorari and applications to proceed in *forma pauperis* unless the appellant paid the Court's filing fee or obtained a certification from the district court that his appeal was not frivolous.).  In view of these facts, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motions to Reopen the Judgment **(D.E. Nos. 23 and 24)**, filed on February 22, 2008 and Motion to Reopen Case **(D.E. No. 25)**, filed on May 27, 2008, are **DENIED**.

2. This case remains CLOSED.

3. The Clerk of the Court is DIRECTED to deny any further motions by the Plaintiff to reopen this case, to reconsider the judgment in this case, or to reconsider any orders denying certificates of appealability or applications to proceeds in *forma pauperis* in this case unless the Plaintiff accompanies such filings with a <u>certification from an attorney</u> that the motion is not

patently frivolous and the Plaintiff may be in imminent danger of serious physical injury.

DONE AND ORDERED in Chambers at Miami, Florida, September 8, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record
Vincent Faustino Rivera, *pro se*
Reg. # 518548
Florida State Prison
7819 NW 228th St.
Raiford, FL  32026-1000